**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**Atlanta Division**

| | |
|---|---|
| Georgina Allen,<br><br>     Plaintiff,<br><br> -against-<br><br>Trans Union, LLC, and<br>Navy Federal Credit Union,<br><br>     Defendant(s). | Case No.:<br><br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

Plaintiff Georgina Allen, by and through counsel, and as for this Complaint against Defendants Trans Union, LLC ("Trans Union" or "Bureau"), and Navy Federal Credit Union ("Navy FCU" or "Furnisher"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

1. Plaintiff brings this action for damages arising from each Defendant's violations of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA").

2. As described more fully below, each Defendant improperly reported an account on Plaintiff's credit report, twice.

3. Plaintiff disputed the account providing the necessary documentation.

4. Each Defendant failed to remove the account; Plaintiff was thereby damaged.

1

## JURISDICTION AND VENUE

5.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681 et seq.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

## PARTIES

7.    Plaintiff is a resident of the State of Georgia, County of Fulton.

8.    At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

9.    Defendant Trans Union, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

10.    Trans Union is a corporation registered to do business in this State.

11.    Trans Union may be served with process c/o Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

12.    Trans Union is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning

2

consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

13.    At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

14.    Navy FCU is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

15.    Navy FCU may be served with process 820 Follin Lane SE, Vienna, VA 22180.

## FACTUAL ALLEGATIONS

16.    Plaintiff allegedly has an account with Navy Federal Credit Union.

17.    The alleged Navy FCU account in Plaintiff's name begins with account number 014060… ("Account").

18.    Yet Plaintiff only had a single account with Navy FCU.

19.    Plaintiff did not have two accounts with Navy FCU.

20.    Yet Furnisher was reporting the Account twice to the Bureau.

21.    On information and belief, on date(s) better known to the Bureau, it issued credit reports concerning the Plaintiff that included two Navy FCU tradelines.

22.    Both accounts have late payments showing.

3

23.    Most of the information being reported for each Account is the same.

24.    The two accounts have or had, inter alia, the same:

   a. Creditor,

   b. Account name,

   c. Account type of Revolving,

   d. Date opened of March 9, 2022,

   e. Status as Charged off,

   f. Highest balance,

   g. Responsibility of Individual,

   h. Credit limit of $24,600.

25.    Both Accounts are also reporting delinquencies for many months.

26.    Both Accounts are also reporting as charged off for many months.

27.    However, Plaintiff was not ever alleged to have been late on two Navy FCU accounts.

28.    The information furnished by Furnisher and published by the Bureau is inaccurate.

29.    The Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

30.    Plaintiff submitted multiple disputes about this issue to the Bureau and to Furnisher (each a "Dispute" and collectively, "Disputes").

31.    Plaintiff submitted a complaint about the Bureau and Furnisher to the Consumer Financial Protection Bureau dated May 18, 2024 ("First Dispute").

32.    Plaintiff notified the Bureau that she disputed the accuracy of the information it was reporting in a letter in or about June 2024 ("Second Dispute").

33.    Plaintiff notified the Bureau that she disputed the accuracy of the information it was reporting in a letter dated March 28, 2025 ("Third Dispute").

34.    Plaintiff believes she submitted more disputes on the issue, all to no avail.

35.    Plaintiff's Disputes noted that the duplicate tradeline is not hers and that it should be deleted from her credit report.

36.    Plaintiff provided her personal information and telephone number.

37.    The Bureau was required to notify the Furnisher of each of Plaintiff's disputes.

38.    It appears and is therefore averred that the Bureau notified Furnisher of each of Plaintiff's disputes.

39.    Upon receipt of the dispute of the account by the Plaintiff, the Bureau failed to conduct a reasonable investigation and continued to report false and

inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

40.    Upon receipt of the dispute of the account by the Plaintiff from the Bureau, Furnisher failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

41.    A reasonable investigation by the Bureau would have revealed that the Account was being reported inaccurately.

42.    Had Furnisher done a reasonable investigation it would have been revealed to Furnisher that the Account is inaccurate.

43.    A reasonable investigation by each Defendant would have revealed that the account is being incorrectly reported.

44.    Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the Account, Defendants did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

45.    The Bureau violated 15 U.S.C. § 1681i (a) by failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving Plaintiff's Dispute(s).

46.    The Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if the Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

47.    The Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

48.    Furnisher's actions described herein violated 15 U.S.C. 1681s-2 (b).

49.    Notwithstanding Plaintiff's efforts, each Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

50.    Furnisher continued to furnish credit data which is inaccurate and materially misleading, and the Bureau's reporting of the above-referenced trade line continued to be inaccurate and materially misleading.

51.    The Bureau did not follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

52.    Each Defendant knew or should have known the information was inaccurate.

53.    Each Defendant was in possession of the documentation of the inaccuracies of the Account yet persisted in reporting it anyway.

54.    Upon information and belief, the Bureau did not even request documentation from Furnisher during its investigations of Plaintiff's Dispute(s).

55.    Upon information and belief, Furnisher did not send any documentation to the Bureau during its investigations of Plaintiff's Dispute(s).

56.    None of the Defendants called or emailed Plaintiff to discuss her Dispute during their investigations.

57.    On information and belief, on a date better known to the Bureau, it prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Account.

58.    The information furnished by Furnisher and published by the Bureau improperly, falsely, and inaccurately states the Account information.

59.    The Bureau reported this improper and inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they disseminated to various persons and credit grantors, both known and unknown.

<u>Damages</u>

60.    As a result of each Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

61.    Each Defendant's erroneous reporting affected Plaintiff's reputation, creditworthiness, and credit score.

62.    Plaintiff suffered damage to her reputation as it falsely appears as if there is a delinquency on multiple of the Account.

63.    This falsity was published to numerous third parties.

64.    This negative information reflected poorly upon Plaintiff and is incompatible in the proper exercise of Plaintiff's financial affairs.

65.    Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify each Defendant's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, difficulty with sleep, and the mental and emotional pain, anguish, humiliation, and embarrassment of having fraudulent information on her credit report, in her credit file, and for credit denial and its after-effects.

66.    Due in whole or in part to Defendants' actions, Plaintiff was unable to secure credit from numerous creditors.

67. Due in whole or in part to Defendants' actions, Plaintiff was unable to secure credit from Foursight.

68. Due in whole or in part to Defendants' actions, Plaintiff was unable to secure credit but at worse terms than she would have otherwise qualified but for Defendants' action described above.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA as to the Bureau)

69. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

70. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

71. The Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureau maintained or furnished concerning the Plaintiff.

72. The Bureau violated 15 U.S.C. § 1681i (a) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving each of Plaintiff's Disputes and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

73.     The Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if the Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

74.     The Bureau has willfully and recklessly, or in the alternative, negligently, failed to comply with the Act.

75.     The failure of the Bureau to comply with the Act include but are not necessarily limited to:

a. The failure to enact and follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

c. The failure to promptly and adequately investigate information which the Bureau had notice was inaccurate;

d. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff, which was demonstrated with documentation with the furnisher of the information, that the information was inaccurate;

e. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureau to delete;

f. The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

g. The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

76. As a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damage as described above.

77. The conduct, action and inaction of the Bureau was willful rendering the Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

78. In the alternative, the conduct, action, and inaction of the Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

79. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau pursuant to 15 U.S.C. § 1681n and 1681o.

80.     WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n and 1681o.

### SECOND CAUSE OF ACTION
### (Violations of the FCRA as to Furnisher)

81.     Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

82.     This is an action for willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

83.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

84.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

85.     The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

86.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate,

13

the furnisher must report the results to any other agencies which were supplied such information.

87.     Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

88.     Furnisher continued to report this account on the Plaintiff's credit report after being notified of her dispute(s) regarding the inaccuracies in relation to said account(s).

89.     As a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

90.     The conduct, action, and inaction of Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

91.     In the alternative, the conduct, action, and inaction of Furnisher was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

92.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff demands judgment against Furnisher for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n and 1681o.

## DEMAND FOR TRIAL BY JURY

93.    Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  March 6, 2026

Respectfully submitted,

/s/ Misty Oaks Paxton
By: Misty Oaks Paxton, Esq.
3895 Brookgreen Point
Decatur, GA 30034
Phone: (405) 529-6257
Fax: (775) 320-3698
attyoaks@yahoo.com

**Stein Saks, PLLC**
s/ Eliyahu Babad
By: Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com
*Pending Pro Hac Vice Admission*

*Attorneys for Plaintiff*